## NORTHERN DEPARTMENT—WESTERN DIVISION. FEBRUARY TERM, 1896.

EVA M. MURPHY *et al.* v. THE GOODLAND BUILDING AND LOAN ASSOCIATION.

NO. 102.

BUILDING AND LOAN ASSOCIATION—*Foreclosure—Amount of Recovery.* In an action to foreclose a mortgage given to secure a loan made by the share for premiums, by a building and loan association to one of its members, the amount of the recovery should be determined in accordance with the special statutory rule applicable to loans of that character, as provided by the latter portion of section 272, article 17, chapter 23, General Statutes of 1889 (¶ 1427).

MEMORANDUM.—Error from Sherman district court; CHARLES W. SMITH, judge. Action to foreclose a mortgage by The Goodland Building and Loan Association against Eva M. and E. F. Murphy. Judgment for plaintiff. Both plaintiff and defendants bring the case to this court. Modified. Opinion herein was filed February 14, 1896.

The statement of the case, as made by GILKESON, P. J., is as follows:

This action was brought in the district court of Sherman county by The Goodland Building and Loan Association, as plaintiff, against E. M. Murphy and E. F. Murphy, as defendants, for a foreclosure of a mortgage given by defendants as members of the plaintiff association to secure a loan made to them. The facts necessary for an understanding in this case are as follows: In October, 1888, the defendant Eva M. Murphy became a member of the association by

the purchase of five shares of its capital stock. In November, 1888, she borrowed from said association the sum of $1,000, paying a premium therefor of $370, or 37 per cent. on the face of the loan, receiving in cash from the association the sum of $630. That is, at a regular meeting of the said association the funds on hand subject to loan were put up at auction and sold to the party who should offer the highest price for the privilege of borrowing it. This bid was denominated the premium, and in this case amounted to $370, which was deducted from the amount of money bid for. Under the rules of the association, the borrower agreed to pay monthly dues on stock of $1 per share and, in addition thereto, a monthly payment of interest which should equal 8 per cent. on the amount of the loan. In this case the interest was estimated on a basis of the face value upon the stock upon which the loan was made, being $1,000, and the interest installments therefor were $6.65 per month. In pursuance of this agreement, and as representing the obligation on the part of the defendant to make the payments, she and her codefendant, being husband and wife, executed their bond to the association dated November 30, 1888, and contained the conditions mentioned. To secure the performance of the covenants of the said bond, the defendants executed and delivered to the association their mortgage of same date on certain real estate in the town of Goodland. The defendants complied with the conditions of their bond, paid the monthly dues on stock and the monthly interest payments on loan and all fines assessed for delinquencies from November, 1888, up to and including July, 1893. At the last-mentioned date they made default, which continued up to the time of the judgment rendered in the case.

On the 15th day of May, 1894, this action was commenced, and at the November term, 1894, was tried by the court, a jury being waived.   The court made special findings of fact and conclusions of law, rendering judgment thereon in favor of the association for the sum of $290.60, with decree of foreclosure of mortgage and cancellation of the stock held by Eva M. Murphy.   Both plaintiff and defendants filed motions to set aside the findings of fact and conclusions of law, which were overruled by the court and exceptions taken, and also filed their several motions for judgment on the findings of fact, which were overruled. Then they presented their several motions for new trial, which were overruled and exceptions taken. Both parties bring the case here for review, upon petition and cross-petition in error, with case-made attached.

*E. F. Murphy*, for plaintiffs in error.

*E. S. Knight*, and *Hoyt Andrews*, for defendant in error.

The opinion of the court was delivered by

GILKESON, P. J. : Both parties to this action are dissatisfied with the judgment of the trial court, and ask its reversal.   We think the judgment of the court below is correct as to the law governing the recovery in actions of this kind, and the only error we find is mathematical — the amount being too large.

The law governing corporations of this kind is found in article 17, chapter 23, General Statutes of 1889, paragraph 1426, being section 271 of said chapter, which sets forth the powers of such associations, among others, as follows :   That it may loan

"money to its members on the security of United

States bonds, or bonds of the state of Kansas, the stock of such association, or real estate, which loans shall be repaid in such stated periodical installments as are prescribed in the by-laws, and all contracts between such associations and their members shall be deemed valid and binding in law : *Provided*, That the sum of all the repayments agreed to be made by the borrower, for the whole time for which he receives his loan, shall not exceed the actual amount of money borrowed, with interest thereon at 12 per cent. per annum for the whole time for which it was so borrowed.''

Paragraph 1427, section 272, is as follows :

'' Whenever, by reason of default in the payment of loans or dues by members of such association, it becomes necessary, according to the by-laws, to bring suit on any mortgage for the purpose of collecting such loans or dues, no greater sum shall be recovered than that actually due at the time of judgment, and the amount so due may be ascertained by adding to the sum of arrears the per cent. value of all future installments designated at the rate per cent., according to the times and period of payments established by the by-laws, not inconsistent with section 1 of this act. And whenever, by the constitution or by-laws of any such association, loans shall be made or have heretofore been made to its members by the share for premiums, the amount for which judgment shall be rendered shall not be greater than the actual amount of money loaned, with interest to the time of judgment at 12 per cent. per annum, and all unpaid fines lawfully assessed against the borrower for non-payment under such by-laws, not exceeding 2 per cent. per month, less the amount paid in on such shares, with like interest from the time of payment or payments.''

The latter portion of this section unquestionably applies only to such loans as have been made to a member by the share upon premiums, and the case at bar falls within its provisions, and the amount to be recovered

in this action from Mrs. Murphy is governed by its
terms.    It is conceded that the amount loaned Mrs.
Murphy was $630.    This, with 12 per cent. interest
thereon, from the date of the loan to the date of the
judgment, together with all fines legally assessed for
non-payment, establishes and limits the amount of re-
covery, and she is entitled to credit for all sums paid
in on her shares of stock, with interest thereon at the
same rate, from the time they were paid.    We should
first ascertain the amount (if any) due the associa-
tion at the time default was made, viz., July 30,
1893, as this is the amount for which suit is brought.
Under the terms of the contract, the interest began
on November 30, 1888, and the first instalment of in-
terest then was due December 30, 1888.    But it is
admitted that she made a payment of $11.65 in No-
vember, and both parties having allowed this as a
legal credit, we will do so.    This amount, then, should
be deducted from the actual amount loaned of $630,
making the principal upon which interest should
be calculated from November 30, 1888, the date of
loan, to July 30, 1893, the date of default.    The inter-
est on this loan should have been calculated on the
amount actually loaned, and not on the amount bid
for.    As the payments made for interest in this case
exceeded the amount of interest due at the time they
were made, the interest should be calculated to the
time of payment, added to the principal, and from
this amount (interest and principal) the amount paid
should be deducted, and the balance treated as a new
capital, and so on until all the payments are accounted
for.    And as "the amounts paid in on the shares
draw the same interest from the time of said payment
or payments" they should be treated in the same way.
So, in making our computation, we have treated them

in the aggregate as monthly payments of $11.65 per
month; and we find the amount due on the default to
be $190.14.  To this amount we add the unpaid fines
for August, September, October, November, and De-
cember, 1893, and January, February, March, and
April, 1894, (they being all the months for which the
association would have the right to charge, as the
suit was commenced in May, before the fine for that
month fell due, and after the commencement of the
action no fines could be legally assessed,) and, at 2
per cent. per month of the monthly instalments, would
be 24 cents each, amounting to $2.16, and upon the
aggregate amount, viz., $192.30, interest would be
charged at the rate of 12 per cent. per annum from
July 30, 1893, to the date of judgment, November 26,
1894, viz, $32.42, making a total for which judgment
should have been rendered of $224.72.

The plaintiffs in error complain of an overcharge of
fines assessed and collected against her in the sum of
$20.  The court below finds that she has paid as fines
the sum of $31.  Upon what testimony the findings
of the court or the complaint of the plaintiffs in error
is based we are unable to state, as none of the testi-
mony in this case is preserved in the record ; nor has
the slightest attempt been made by the plaintiffs in
error to inform us as to the amount per month of
fines charged, or for what months or number of
months they were charged, and we can only say, that,
if the plaintiffs in error have been charged fines to ex-
ceed 2 per cent. per month of the monthly instal-
ments, she is entitled to a credit therefor, together
with interest thereon from the time they have been
charged, and we base this upon the presumption that
testimony was introduced upon this point, for we do

not think that the learned trial judge would have made a finding unless it was sustained by evidence.

It will be noticed in our calculations that we have omitted therefrom the sum of $5 paid in October, 1888. We do not think this is a proper credit to be allowed against this loan. It was paid as dues on stock, it is true, but paid as a membership payment, and the plaintiffs in error would have been liable for it, even though she had never made this loan. This is equally true of the payment of $5 made in November, but as both parties have treated this as a legitimate credit, we have so allowed it.

The court in its calculations allowed monthly fines for each month from the date of default to the date of the rendition of the judgment, being 16 months. This we think is error. When the plaintiff below exercised its option to declare the debt due, the payment of fines unquestionably ceased, nor could it after the commencement of its action continue legally to assess fines against the defendants below.

The judgment in this case will be modified, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Judges concurring.